```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
DENISE JACKSON,

                    Plaintiff,                                      MEMORANDUM & ORDER
       - against -                                                  15-CV-5062 (PKC) (ST)

WELLS FARGO HOME MORTGAGE,

                    Defendant.
------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Before the Court are the objections of *pro se* Plaintiff Denise Jackson to the Report and Recommendation of the Honorable Steven L. Tiscione, United States Magistrate Judge, recommending that Defendant Wells Fargo Home Mortgage's motion to dismiss be granted in its entirety. Finding no merit to Plaintiff's objections and no error in the Report and Recommendation, the Court dismisses this action.

I.     **Background**

On August 27, 2015, Plaintiff Denise Jackson ("Plaintiff"), appearing *pro se*, brought this action against Defendant Wells Fargo Home Mortgage ("Defendant"), alleging civil rights violations in connection with Plaintiff's attempts to refinance her home mortgage and/or obtain additional loans. (*See generally*, Complaint, Dkt. 1.) On March 14, 2016, Defendant moved to dismiss the complaint. (Dkt. 17.) On April 12, 2017, the Court granted Plaintiff leave to amend the complaint after Judge Tiscione recommended dismissing the initial complaint without prejudice for failure to state a claim. (Minute Entry for Apr. 12, 2017; *see also* Dkt. 21.) Plaintiff's amended complaint (Dkt. 34) and supplement (Dkt. 36-1) (collectively, "Amended Complaint") allege the same civil rights violations as in the initial complaint, in addition to fraud, deceptive business practices, and breach of contract under state law. On September 21, 2017, Defendant

1

moved to dismiss the amended complaint. (Dkt. 42.) The motion was referred to Judge Tiscione for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(d). In the R&R, Judge Tiscione recommended that the Court grant Defendant's motion to dismiss. (Report & Recommendation ("R&R"), Dkt. 43, at ECF[1] 367.) On October 22, 2018, Plaintiff served objections to Judge Tiscione's R&R. (Plaintiff's Objections to R&R ("Pl.'s Objs."), Dkt. 51.)

## II. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). With respect to a magistrate judge's recommendation on a dispositive matter, the Court reviews *de novo* those determinations as to which a party has specifically objected. *See id.* ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Frankel v. New York City*, Nos. 06-CV-5450 (LTS) (DFE) & 07-CV-3436 (LTS) (DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (quotation and brackets omitted). Accordingly, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the

---

[1] "ECF" refers to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

magistrate judge, are reviewed for clear error." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (quotation omitted).

At the same time, the Court is mindful that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation and emphasis omitted). Nevertheless, "even a *pro se* party's objections to a Report & Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

## III. Analysis

The Court has reviewed the amended complaint, the parties' respective submissions relating to Defendant's motion to dismiss, and Judge Tiscione's well-reasoned and thorough R&R. While Plaintiff nominally raises objections to the R&R's recommended dismissal of her Fair Housing Act ("FHA") claim, she fails to specifically articulate any valid objections to this or her other claims.[2] The Court addresses each of Plaintiff's claims, as to which the R&R recommends dismissal, in turn.

---

[2] Defendant requests that the Court decline to consider the "new evidence" presented in Plaintiff's Objections to the R&R. (Dkt. 50, at ECF 412–13.) Given Plaintiff's *pro se* status, the Court elects to consider the documents Plaintiff affixes to her objections (Pl.'s Objs., at ECF 445–71), though it ultimately has not influenced the outcome in this matter. *See Mil'chamot v. N.Y.C. Hous. Auth.*, No. 15-CV-108 (PAE), 2016 WL 659108, at *1 n.1 (S.D.N.Y. Feb. 16, 2016) ("[B]ecause a *pro se* plaintiff's allegations must be construed liberally, it is appropriate to consider factual allegations made in a *pro se* plaintiff's opposition papers, so long as the allegations are consistent with the complaint.").

### A. Federal Civil Rights Claims

Plaintiff brings several claims under federal civil rights laws, namely: the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*; 42 U.S.C. § 1981 ("§ 1981"); Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"); and the Equal Protection Clause, U.S. Const. amend. XIV, § 1. (Amended Complaint ("Am. Compl."), Dkt. 36, at ECF 172.)

#### 1. FHA Claim

Although Plaintiff's objections reference the FHA (Pl.'s Objs., at ECF 427, 431), the Court is unable to discern any specific objection Plaintiff makes as to the R&R's reasoning on her FHA claim. The Court will therefore review the R&R's conclusion as to this claim for clear error. *See Pinkney*, 2008 WL 2811816, at *1 ("To the extent . . . that a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report [& Recommendation] strictly for clear error.").

The R&R did not clearly err in concluding that Plaintiff's FHA claim, which encompasses three mortgage denials, is partially time-barred. A party bringing a civil action under the FHA must do so no more than two years "after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Judge Tiscione rejected Plaintiff's effort to circumvent the statute of limitations, reasoning as follows:

> Plaintiff attempts to argue that her 2014 loan denial somehow extends the statute of limitations on the 2012 denial because, in the 2014 Resolution Letter, "Wells Fargo acknowledged their fault for breaching the 2012 contract." . . . To the extent Plaintiff is arguing that equitable tolling applies, she has not alleged sufficient facts to justify equitable tolling. . . . There does not appear to be any other legal basis for the 2014 denial tolling the statute of limitations for the 2012 denial. . . . [T]he denials are discrete events that "constitute independently actionable conduct" and would not be considered a continuing violation for statute of limitations purposes. *See Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 503–04 (S.D.N.Y. 2015). Therefore, any of the alleged discriminatory acts or practices that occurred or terminated before August 27, 2013 are time-barred.

(R&R, at ECF 371 (citations to court documents omitted).)

The Court holds that this reasoning is not clearly erroneous. Plaintiff's allegations of mortgage loan denials in 2012, 2013, and 2014 "pertain to separate and discrete events" that, "if motivated by discriminatory animus, would constitute independently sanctionable conduct." *Jordan*, 91 F. Supp. at 503–04. Any continuing-violation theory of equitable tolling that would salvage the timeliness of an FHA claim based on the 2012 denial would therefore fail. *See Pantoja v. Scott*, No. 96-CV-8593 (AJP), 2001 WL 1313358, at *11 (S.D.N.Y. Oct. 26, 2001) ("[T]he continuing violations theory should be applied where the type of violation . . . could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." (quotation and brackets omitted)).

Furthermore, the Court holds that the R&R did not clearly err in concluding that, to the extent Plaintiff's FHA claim was not time-barred, it nevertheless should be dismissed for failure to state a claim. Under the FHA, a plaintiff states a claim of housing discrimination by showing: "(1) that [she is a] member[] of a protected class; (2) that [she] sought and w[as] qualified to rent or purchase the housing; (3) that [she] w[as] rejected; and (4) that the housing opportunity remained available to other renters or purchasers." *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). The R&R found that Plaintiff's FHA claim failed to sufficiently plead the second and fourth elements. Although Plaintiff alleged that she "qualified for, met the terms and conditions, was eligible for, and met all requirements of the loans that [she] requested and applied for" (Am. Compl., Dkt. 36-1, at ECF 175), Judge Tiscione did not err in concluding that these allegations constituted "formulaic recitations of the elements of a cause of action" that "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quotation omitted). As the R&R observed, the amended complaint

incorporates a Resolution Letter that plainly indicates that Plaintiff did not meet the income-to-debt ratio required for her 2013 loan and was unable to pay the fees required for her 2012 loan. (R&R, at ECF 373.) *See Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (affirming dismissal of claim where the "complaint present[ed] only conclusory allegations as to [one] element, and we find them facially implausible").[3]

Most importantly, as Judge Tiscione correctly observed, Plaintiff does not adequately allege that the housing opportunity she was denied remained available to other renters or purchasers. Plaintiff alleges that "Wells Fargo refused to give [her] the mortgage assistance because of [her] race"; that "[e]veryone [she] communicated with and had authority over [her] application was white"; that she was never offered a home equity loan despite her qualifications; and that Wells Fargo targeted her based on the location of her property through the unlawful practice of "redlining." (Am. Compl., Dkt. 36-1, at ECF 175, 181, 186.) Although Plaintiff need not plead discriminatory animus on the part of Defendant to state an FHA claim, she must nevertheless allege facts showing that Defendant treated her "differently from similarly situated [individuals] not in the protected [racial] class[], despite her qualifications for the loan[s,] because of her race." *Boykin v. KeyCorp*, 521 F.3d 202, 206 (2d Cir. 2008) (quotation omitted); *see id.* at 215 (finding the allegations in the complaint sufficient to state a claim).

---

[3] As for the 2014 loan, the Court does not find Judge Tiscione's consideration of Plaintiff's overall financial eligibility—*i.e.*, that "the plausibility of [Plaintiff's] general allegation[] that she was qualified [for the 2014 loan] is undermined by her failure to meet the requirements for the 2012 and 2013 loans, as detailed in the documents incorporated by reference in the Amended Complaint[]" (R&R, at ECF 373)—to be clearly erroneous. *See Alcantara-Flores v. Vlad Restoration Ltd.*, No. 16-CV-3847 (MKB) (RML), 2017 WL 1655187, at *2 (E.D.N.Y. May 2, 2017) (describing "highly deferential standard" of clear error review as justifying reversal only "if, based on all the evidence, [the] reviewing court 'is left with the definite and firm conviction that a mistake has been committed'" (quoting *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015)).

6

As the R&R observed, Plaintiff does not allege that Defendant offered home equity loans to similarly qualified applicants of a different race and does not attempt to connect her protected status to Defendant's allegedly wrongful refusal to approve her loan applications. (R&R, at ECF 374.) Plaintiff thus fails to state a claim under the FHA. *See Williams v. Calderoni*, No. 11-CV-3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) ("[I]t is hornbook law that the mere fact that something bad happens to a member of a particular racial group does not, without more, establish that it happened *because* the person is a member of that racial group." (emphasis in original)). Moreover, as the R&R properly concluded, Plaintiff's reference to "redlining" does not suffice to plead this element. *See Ng v. HSBC Mortg. Corp.* (RRM) (VVP), No. 07-CV-5434, 2010 WL 889256, at *11 (E.D.N.Y. Mar. 10, 2010) (dismissing claim where the allegations tendered in support were "vague, conclusory," and "lack[ed] the sort of factual specificity that forms the basis for a plausible claim"). Neither does the amended complaint's incorporation of newspaper articles about Defendant's prior misconduct that bears no apparent connection to Plaintiff's situation or FHA claim. *See Palmer v. Fannie Mae*, No. 14-CV-4083 (JFB) (AYS), 2016 WL 5338542, at *3 n.4 (E.D.N.Y. Sept. 23, 2016) ("Plaintiff's opposition references a newspaper article concerning maternity-related mortgage discrimination; however, the article . . . makes no reference to [the defendant], and thus, it appears inapposite to the instant case. In any event, plaintiff does not explain how the alleged practices referenced in the article relate to her situation." (citation omitted)).

Plaintiff's FHA claim is therefore dismissed.

### 2. Section 1981 and Title VI Claims

Plaintiff's objections make no specific reference to her § 1981 and Title VI claims, so the Court will review the R&R for clear error as to these claims. *See Pinkney*, 2008 WL 2811816, at

7

*1. In order to state a claim under either of these statutes, "the plaintiff must show, *inter alia*, that the defendant discriminated against [her] on the basis of race, that that discrimination was intentional, and that the discrimination was a substantial or motivating factor for the defendant's actions." *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) (citations and quotations omitted).

The R&R did not clearly err in determining that the amended complaint fails to state a claim based on § 1981 or Title VI.[4] The Court notes that the standard for liability under these statutes is *more* exacting than the standard required to sustain an FHA claim, which the Court has already determined Plaintiff has failed to meet. As stated, *supra*, Plaintiff alleges that "Wells Fargo refused to give [her] the mortgage assistance because of [her] race"; that "[e]veryone [she] communicated with and had authority over [her] application was white"; that she was never offered a home equity loan despite her qualifications; and that Wells Fargo targeted her based on the location of her property through the unlawful practice of "redlining." (Am. Compl., Dkt. 36-1, at ECF 175, 181, 186.)

Because these allegations "consist[] of nothing more than conclusory allegations that [Plaintiff] was mistreated as a result of h[er] race," *Brown v. Greene*, No. 11-CV-4917 (BMC), 2012 WL 911560, at *3 (E.D.N.Y. Mar. 16, 2012), the Court adopts the R&R's recommendation to dismiss. *See Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015) ("[T]o state a discrimination claim under . . . § 1981, plaintiffs must sufficiently allege that defendants acted with discriminatory intent. Here, plaintiffs fail to allege in other than conclusory fashion any specific instances of discrimination with respect to any individual plaintiff or others similarly

---

[4] The Court holds, for the same reasons articulated in Part III.A(1), that Judge Tiscione did not clearly err in determining that the § 1981 and Title VI claims should be partially dismissed on timeliness grounds. (R&R, at ECF 378.)

8

situated." (citation omitted)); *Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001) ("[A] complaint consisting only of naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." (quotation and brackets omitted)).

Accordingly, the Court dismisses Plaintiff's § 1981 and Title VI claims.

### 3. Equal Protection Claim

Plaintiff's objections make no specific reference to her Equal Protection claim, so the Court will review the R&R for clear error as to this claim. *See Pinkney*, 2008 WL 2811816, at *1.

The Court holds that the R&R did not clearly err in recommending dismissal of Plaintiff's Equal Protection Claim. First, as the R&R noted (R&R, at ECF 378–79), Equal Protection claims may only be brought against state actors, and "a private entity" like Defendant "does not become a state actor for purposes of § 1983 merely on the basis of the private entity's creation, funding, licensing, or regulation by the government." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quotation omitted). "Rather, there must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains." *Id.* (quotation, brackets, and emphasis omitted). As Judge Tiscione explained (R&R, at ECF 378–79), courts routinely consider mortgage lenders like Defendant to be private entities in the context of claims like the Equal Protection action initiated by Plaintiff. *See, e.g.*, *DeSouza v. Park W. Apartments, Inc.*, No. 15-CV-1668 (MPS), 2018 WL 2990099, at *16 (D. Conn. June 14, 2018); *Secard v. Wells Fargo Bank, N.A.*, No. 15-CV-499 (JS) (ARL), 2015 WL 6442563, at *3 (E.D.N.Y. Sept. 9, 2015); *Brown v. Chase Bank*, No. 13-CV-5309 (WFK) (LB), 2013 WL 5537302, at *2 (E.D.N.Y. Oct. 7, 2013). Second, as explained, *supra*, the R&R did not clearly err in concluding that Plaintiff has not pleaded sufficient facts to allow the Court to conclude that she

9

was treated differently than other similarly situated individuals as a result of discriminatory animus. *See Philips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) ("To prove a violation of the Equal Protection clause, . . . a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination.").

Accordingly, Plaintiff's Equal Protection Claim is dismissed.

### B. State Law Claims

Having dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims. *See* 18 U.S.C. § 1367(c)(3); *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

### C. Leave to Amend

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quotation omitted). In recommending that the Court deny Plaintiff leave to amend the amended complaint, Judge Tiscione reasoned:

> Here, Plaintiff has had multiple opportunities to allege sufficient specific facts to render her claims plausible, including in her original Complaint, the Amended Complaint, and in her opposition papers. Leave to amend would be futile because plaintiff has already had two bites at the apple and they have proven fruitless. Plaintiff's allegations of discriminatory intent, deceptive practices, and fraud still lack any factual basis and are purely conjectural. It does not appear that further opportunities to amend would allow Plaintiff to cure such significant defects. An amendment is considered futile where the plaintiff is unable to demonstrate that she would be able to cure the defects in a manner that would survive a motion to dismiss.
>
> In addition, leave to amend is particularly inappropriate where the problem with plaintiff's causes of action is substantive. Plaintiff's claims suffer from numerous substantive defects. First, several of the claims are potentially time barred. Second,

the attached documents fail to support her breach of contract claims as a matter of law. Third, a lack of state action bars her Equal Protection Clause claim. Fourth, Plaintiff fails to provide any legal basis for her mortgage fraud claim. Finally, the documents underpinning Plaintiff's loan denial discrimination claims indicate that she was objectively unqualified to receive at least the 2012 and 2013 loans.

(R&R, at ECF 393–94 (quotations, citations, and brackets omitted).) The Court agrees with the above analysis and therefore denies Plaintiff leave to amend for a second time. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. However, leave to amend a complaint may be denied when amendment would be futile." (quotations and citation omitted)).

## CONCLUSION

Plaintiff has failed to raise any objection that warrants rejection or modification of the R&R, with which the Court concurs. The Court rejects Plaintiff's objections, adopts in full Judge Tiscione's R&R, and grants Defendant's motion to dismiss, as recommended by Judge Tiscione. The Clerk of Court is respectfully directed to enter judgment in Defendant's favor and terminate this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 27, 2019
Brooklyn, New York

11